ams

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,    )
          )
          Plaintiff,    )
          )
    vs.          )
          )    Case No. 08-4005-JAR
          )
APRIL M. SIMPSON,    )
          )
          Defendant.    )
_____)

## MEMORANDUM AND ORDER

Before the Court is plaintiff's Motion for Summary Judgment (Doc. 25). The motion is fully briefed and the Court is prepared to rule. As explained more fully below, the Court grants plaintiff's motion.

## I.    Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."[1] The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[2] Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[3]

---

[1]Fed. R. Civ. P. 56(c).

[2]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3]*Id*. at 251–52.

The moving party bears the initial burden of providing the court with the basis for the

motion and identifying those portions of the record that show the absence of a genuine issue of

material fact.[4]  "A movant that will not bear the burden of persuasion at trial need not negate the

nonmovant's claim."[5]  The burden may be met by showing that there is no evidence to support

the nonmoving party's case.[6]  If this initial burden is met, the nonmovant must then "go beyond

the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of

trial from which a rational trier of fact could find for the nonmovant."[7]  When the moving party

also bears the burden of proof at trial,

> a more stringent summary judgment standard applies. Thus, if the
> moving party bears the burden of proof, to obtain summary
> judgment, it cannot force the nonmoving party to come forward
> with "specific facts showing there [is] a genuine issue for trial"
> merely by pointing to parts of the record that it believes illustrate
> the absence of a genuine issue of material fact. Instead, the moving
> party must establish, as a matter of law, all essential elements of
> the issue before the nonmoving party can be obligated to bring
> forward any specific facts alleged to rebut the movant's case.[8]

When examining the underlying facts of the case, the Court is cognizant that all inferences must

be viewed in the light most favorable to the nonmoving party and that it may not make

credibility determinations or weigh the evidence.[9]

---

[4]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[5]*Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp.*, 477 U.S. at 325).

[6]*Id.*

[7]*Id.*

[8]*Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) (citations omitted).

[9]*See Scott v. Harris*, 550 U.S. 372, 377 (2007); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

The Court is also mindful that defendant is a *pro se* litigant in this case.  A *pro se*

litigant's pleadings are to be liberally construed and are held to a less stringent standard.[10]  This

rule requires the Court to look beyond a failure to cite proper legal authority, confusion of legal

theories, and poor syntax or sentence construction.[11]  The Court, however, is not authorized to

become an advocate for the *pro se* litigant.[12]  "Despite the liberal construction afforded pro se

pleadings, the court will not construct arguments or theories for the plaintiff in the absence of

any discussion of those issues."[13]  Moreover, litigants are not excused from compliance with

fundamental rules of procedure because they are proceeding *pro se*.[14]  *Pro se* litigants must

follow rules of procedure, including local rules.[15]  Defendant's *pro se* status, in and of itself, does

not prevent this Court from granting summary judgment.[16]

## II.     Uncontroverted Facts

The following facts are either uncontroverted, stipulated to, or viewed in the light most

favorable to plaintiff.[17]

---

[10]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11]*Id*. at 1110.

[12]*Id*.

[13]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[14]*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995).

[15]*Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993); *Campbell v. Meredith Corp.*, 260 F. Supp. 2d 1087, 1097 n.10 (D. Kan. 2003).

[16]*Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).

[17]Pursuant to D. Kan. R. 56.1(a), "[a]ll material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party."  In her response to plaintiff's motion, defendant fails to controvert plaintiff's statements of fact in accordance with this rule.  The Court has examined plaintiff's submissions to determine if it has met its initial burden under Fed. R. Civ. P. 56 of demonstrating that no material issues of fact remain for trial and that the moving party is entitled to judgment as a matter of law.  Where plaintiff's statements of fact find support in the record, the

On or about August 13, 1995, defendant April M. Simpson executed a promissory note to secure a loan of $5,500.00 from the U.S. Department of Education.  The signature that appears on this promissory note is a true copy of defendant's signature. The proceeds of this promissory loan were disbursed to defendant on or about August 13, 1995, in the amount of $2,750.00, and on or about January 7, 1996, in the amount of $2,750.00. Defendant was enrolled in Kansas Wesleyan University when she executed this promissory note and the proceeds were disbursed.

Defendant executed a promissory note to the U.S. Department of Education to secure a loan in the amount of $4,930.00 on or about August 3, 1995. The signature that appears on this promissory note is a true copy of defendant's signature. The proceeds of this promissory note were disbursed on or about August 13, 1995, in the amount of $2,465.00 and on January 7, 1996, in the amount of $2,465.00.  Defendant was enrolled in Kansas Wesleyan University when she executed this promissory note and the proceeds were disbursed.

Defendant executed a promissory note to the U.S. Department of Education to secure a loan in the amount of $5,500.00 on or about August 2, 1996.  The signature that appears on this promissory note is a true copy of defendant's signature. The proceeds of this loan were disbursed to defendant in the amount of $2,750.00 on or about August 16, 1996 and $2,749.00 on or about January 6, 1997.  Defendant was enrolled in Kansas Wesleyan University when she executed this promissory note and the proceeds were disbursed.

The loans set out above, and filed as Exhibit A, B and C to Doc. 26, were made by the Department of Education under the William D. Ford Federal Direct Loan program under Title

---

Court adopts such facts as uncontroverted.  *See Reed v. Bennett*, 312 F.3d 1190, 1194–95 (10th Cir. 2002).

IV, Part D, Of the Higher Education Act of 1965, as amended.[18]

The United States of America is now the owner and holder of said promissory notes.  The United States of America has accelerated the debt, and declared all loan balances immediately due and payable.

The U.S. Department of Education made demand on defendant for payment of the balance due on the three promissory notes.  The Department of Education has credited a total of $3,246.05 in payments from all sources, including Treasury Department Offsets, to the balance as follows:

(a) 10/27/2003 $226.29

(b) 10/17/2003 $226.29

(c) 09/23/2003 $231.89

(d) 08/01/2003 $231.89

(e) 01/26/2001 $254.05

(f) 12/20/2000 $254.05

(g) 10/20/2000 $254.05

(h) 05/10/2000 $239.87

(i) 03/15/2000 $217.56

(j) 02/01/2000 $239.87

(k) 10/13/1998 $217.56

(l) 09/21/1998 $217.56

(m) 08/21/1998 $217.56

---

[18]20 U.S.C. § 1087a, *et .seq.*; 34 C.F.R. Part 685.

(n) 07/07/1998 $217.56

Defendant does not assert that she made payments other than these amounts.

Pursuant to 34 C.F.R. § 685.202(b), a total of $6,296.14 in unpaid interest was capitalized and added to the principal balance as evidenced by the Certificate of Indebtedness. After application of all charges and payments, defendant owes the total amount of $23,946.64 as of June 8, 2007, which includes a principal balance of $21,087.87 and an interest balance of $2,858.77. Interest continues to accrue at the rate of 7.94% until payment in full or judgment is entered.

**III.    Discussion**

There is no dispute in this case about the amount due and owing by defendant to plaintiff in this matter. Defendant has offered no proof of any payments made to the government on the three promissory notes at issue, other than those itemized in the previous section. Defendant argues instead that she should not be liable for any payment under the doctrine of promissory estoppel. Defendant indicates in her response that she was told by "Plaintiffs attorneys" that she would avoid a judgment against her on the promissory notes if she was granted disability relief. Defendant applied for disability, but was denied. She argues that she was never notified that she did not qualify for deferment of her loans, and never received a letter from "the lender or the collection agency of my request or any denial of said request." Defendant indicates that she sent financial information to plaintiff in exchange for a promise that plaintiff would not seek judgment in this matter. Instead, she argues, plaintiff used this information against her and led her to believe that she need not file for bankruptcy protection, despite the fact that she was living below the poverty level and was attempting to raise five children as a single mother. Finally, she

contends that she is in the process of re-applying for disability benefits, as she has suffered a small stroke and other injuries.  She contends that this action should have ceased until a determination had been made of her disability status.

Under 20 U.S.C. § 1087e(h), Congress delegated to the Secretary of Education to specify in the regulations "which acts or omissions . . . a borrower may assert as a defense to repayment of a loan . . . ."  And in 34 C.F.R. § 685.213, "[a] borrower's Direct Loan is discharged if the borrower becomes totally and permanently disabled, as defined in § 682.200(b), and satisfies the additional eligibility requirements contained in this section."  Defendant does not contend that the Secretary determined her to be totally and permanently disabled under this section.  Plaintiff contends that the United States Attorney's office notified plaintiff that her disability certification had been rejected from by the Secretary.  Viewing the evidence in the light most favorable to defendant, there is no evidence in the record that she was determined to be totally and permanently disabled under the pertinent regulations.  Likewise, there is no evidence in the record that defendant was not notified that she did not qualify for a discharge due to her disability.  The Court finds no grounds upon which the doctrine of promissory estoppel could apply in this case.   Plaintiff has come forward with facts sufficient to establish as a matter of law all essential elements of its case and defendant has failed to rebut those facts.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Summary Judgment (Doc. 25) is granted.

Dated:  <u>July 30, 2009</u>

         S/ Julie A. Robinson       
         JULIE A. ROBINSON
         UNITED STATES DISTRICT JUDGE